IN THE UNITED STATES DISTRICT COURT 
 FOR THE MIDDLE DISTRICT OF ALABAMA 
 NORTHERN DIVISION 

JAMES ARTHUR CULBRETH, ) 
AIS # 214203, ) 
 ) 
Petitioner, ) 
 ) 
 v. ) CASE NO.: 2:20-CV-886-RAH 
 ) (WO) 
JOHN CROW, et al., ) 
 ) 
Respondents. ) 

 ORDER 
On October 30, 2020, Petitioner James Arthur Culbreth (“the Petitioner” or 
“Culbreth”), a state inmate at Easterling Correctional Facility, filed this pro se action 
as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 1), challenging 
his convictions for first-degree sodomy entered against him by the Circuit Court of 
Montgomery County, Alabama in 2000. The Petitioner is serving a life sentence for 
these convictions. The Magistrate Judge entered an order construing the purported 
§ 2241 petition as a petition filed pursuant to 28 U.S.C. § 2254. (Doc. 3.) On 
November 12, 2020, the Magistrate Judge recommended that the Petitioner’s 28 
U.S.C. § 2254 petition be dismissed for lack of jurisdiction, as Culbreth has failed 
to obtain the requisite order from the Eleventh Circuit Court of Appeals authorizing 
a federal district court to consider his successive habeas application. (Doc. 4.) 
On November 16, 2020, the Petitioner filed the Motion to Reconsider/Motion 
to Dismiss 28 U.S.C. § 2241 Petition Without Prejudice. (Doc. 5.) On November 
20, 2020, he also filed Objections (Doc. 6) to the Magistrate Judge’s 

Recommendation and an addendum (Doc. 7). 
In the Motion to Reconsider, the Petitioner asserts the Magistrate Judge erred 
in determining that his § 2241 petition constitutes a successive § 2254 petition for 

writ of habeas corpus. Throughout the Petition, however, the Petitioner challenges 
the basis of his state conviction and sentence. Thus, this Court agrees with the 
Magistrate Judge’s determination that the Petitioner’s self-described § 2241 petition 
should be construed as a § 2254 petition. See Felker v. Turpin, 518 U.S. 651, 662 

(1996) (holding the authority to grant habeas relief to state prisoners is limited by § 
2254). 
Because the Court construes the Petition as a § 2254 Petition, it is unnecessary 

for the Court to consider the Petitioner’s Motion to Withdraw § 2241 Petition. 
Moreover, the Petitioner presents inconsistent arguments. After filing his motion to 
dismiss the § 2241 petition without prejudice, he filed Objections (Doc. 6) and an 
Addendum to the Objections (Doc. 7), in which he again challenges his state 

convictions and sentence. Upon review of the arguments presented by Petitioner, it 
is clear he is proceeding under 28 U.S.C. § 2254. 
Upon conducting an independent and de novo review of the record, the Court 

likewise concludes the Petitioner’s Objections are without merit. In February 2003, 
the Petitioner filed a habeas petition under 28 U.S.C. § 2254 challenging the same 
convictions and sentence he challenges in the instant petition. See Culbreth v. Price, 

Civil Action No. 2:03cv218-MEF, Middle District of Alabama. In the prior habeas 
action, the court denied Culbreth’s petition and dismissed the action with prejudice. 
Id. On April 27, 2005, the court entered its final judgment. The Petitioner’s instant 

petition, therefore, is a successive petition for habeas corpus relief under 28 U.S.C. 
§ 2254. The Petitioner did not seek an order authorizing this Court to consider a 
second or successive petition as required by 28 U.S.C. § 2244(b)(3)(A). 
Accordingly, it be and is hereby 

ORDERED as follows: 
(1) The Motion to Reconsider/Motion to Dismiss 28 U.S.C. § 2241 Petition 
 Without Prejudice (Doc. 5) is DENIED. 

(2) The OBJECTIONS (Doc. 6) are OVERRULED. 
(3) The Magistrate Judge’s Report and Recommendation (Doc. 4) to 
 DISMISS the 28 U.S.C. § 2254 petition for lack of jurisdiction is 
 ADOPTED. 

A separate final judgment will be entered. 
DONE, this 7th day of December, 2020. 

 /s/ R. Austin Huffaker, Jr. 
 R. AUSTIN HUFFAKER, JR. 
 UNITED STATES DISTRICT JUDGE